THE HONORABLE JOHN C. COUGHENOUR

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR15-0120-JCC |
| Plaintiff, | ORDER |
| v. | |
| SON T. NGUYEN, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 1216). Having considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motion for compassionate release (Dkt. No. 1216), GRANTS the Government's motion to file overlength motions and briefs (Dkt. No. 1224), and GRANTS the parties' motions to seal (Dkt. Nos. 1215, 1218, 1225, 1231, 1236) for the reasons explained herein.

**I.     BACKGROUND**

In March 2016, Defendant pleaded guilty to conspiracy to distribute controlled substances and to felon in possession of a firearm. (*See* Dkt. No. 554 at 2.) On July 19, 2016, the Court sentenced Defendant to 10 years of incarceration followed by five years of supervised release. (*See* Dkt. No. 809 at 2–3.) Defendant's projected release date is November 6, 2023. (*See* Dkt. Nos. 1216 at 2, 1226 at 3.)

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1,2] (Dkt. No. 1216.) Defendant claims he is "particularly vulnerable to COVID-19" because he suffers from a "combination of [human immunodeficiency virus (HIV), hepatitis C], thrombocytopenia, and lifetime of severe, chronic stress." (*Id.* at 3.)

## II.   DISCUSSION

### A.   Defendant's Motion for Compassionate Release

When considering a motion for compassionate release, a court must first find that "extraordinary and compelling reasons warrant . . . a reduction" in the defendant's sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1. There may be extraordinary and compelling reasons to reduce a defendant's sentence if the defendant suffers from health conditions that make a person significantly more vulnerable to suffering serious complications from COVID-19. *See United States v. Cosgrove*, Case No. CR15-0230-JCC, Dkt. No. 90 at 6 (W.D. Wash. 2020); *United States v. Mahoney*, Case No. CR18-0090-JCC, Dkt. No. 78 at 2–3 (W.D. Wash. 2020).

Here, Defendant suffers from several health conditions. (*See* Dkt. No. 1216-3 at 2.) Of those, HIV is the only condition that the CDC has identified as potentially increasing

---

[1] Defendant presented a request for compassionate release to the warden of his facility more than 30 days before filing the present motion. (*See* Dkt. No. 1217 at 2.) Thus, Defendant has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

[2] After his court-appointed counsel filed a motion for compassionate release on his behalf, (Dkt. No. 1216), Defendant filed a superseding *pro se* motion, (Dkt. No. 1227). Pursuant to the Local Rules of the Western District of Washington, a party who is represented by counsel is not authorized to file motions on his own behalf. *See* Local General Rule 2(g). As the Ninth Circuit explained, the right to effective legal counsel and the right to appear *pro se* are disjunctive; thus, "[a] criminal defendant does not have an absolute right to both self-representation and the assistance of counsel." *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981); *see also United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987).

Here, Defendant was appointed counsel on July 7, 2020. (*See* Dkt. No. 1203.) Defendant's counsel subsequently filed a motion for compassionate release on July 24. (*See* Dkt. No. 1216.) Defendant did not terminate his attorney as counsel before filing a "superseding and successive" *pro se* motion for compassionate release on August 4. (Dkt. No. 1227 at 1.) Thus, Defendant was not authorized to file a motion on his own behalf.

1  Defendant's risk of severe illness from COVID-19.[3] *See* "Coronavirus Disease 2019, High-Risk
2  Conditions," https://www. cdc.gov/coronavirus/ 2019-ncov/hcp/underlying-conditions.html.
3  However, because of the limited information available, the CDC can only suggest that HIV
4  might increase Defendant's risk of severe illness from COVID-19. *See id.* Further, there has not
5  been robust data collection about whether those affected by thrombocytopenia are more
6  susceptible to COVID-19 or at a greater risk of severe illness from COVID-19. *See* "COVID-19
7  and ITP: Frequently Asked Questions," https://www.hematology.org/covid-19/covid-19-and-itp.
8  In the absence of more certainty, the Court does not find that Defendant's health conditions
9  constitute extraordinary and compelling circumstances. *See United States v. Molley*, CR 15-
10 0254-JCC, Dkt. No. 87 at 5 (W.D. Wash. 2020) (explaining that medical uncertainty "cuts
11 against compassionate release" because the party seeking release bears the burden of showing
12 that there are extraordinary and compelling reasons for release).

    Furthermore, Defendant is housed at a Federal Medical Facility in Rochester, ostensibly
to receive treatment for his health conditions. According to the CDC, the continued stable
medical care Defendant will receive in Rochester is the best way to mitigate his risk of severe
complications due to COVID-19. *See* "Coronavirus Disease 2019, High-Risk Conditions,"
https://www. cdc.gov/coronavirus/ 2019-ncov/hcp/underlying-conditions.html. Therefore,
Defendant has not shown that extraordinary and compelling reasons warrant his release, and the
Court DENIES Defendant's motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

**B.    Motions to Seal**

    The parties move to seal their briefing and Defendant moves to seal several exhibits
attached to his motion for compassionate release. (Dkt. Nos. 1215, 1218, 1225, 1231, 1236.) The
parties explain that these documents contain the Defendant's personal medical information. (*See*

---

[3] The CDC has "no information about whether people with . . . hepatitis C are at increased risk for getting COVID-19." *See* "What to Know About Liver Disease and COVID-19," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html.

*generally* Dkt. Nos. 1215, 1218, 1225, 1231, 1236.)

The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party seeking to seal a judicial record must show "compelling reasons" to seal the record if it relates to a dispositive pleading. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, the briefing and exhibits at issue concern Defendant's medical records. Defendant's strong interest in maintaining the confidentiality of such records outweighs the public's interest in their disclosure. *See Kamakana*, 447 F.3d at 1179. Accordingly, the Court finds compelling reasons and GRANTS the parties' motions to seal.

## III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion for compassionate release (Dkt. No. 1216), GRANTS the Government's motion to file overlength motions and briefs (Dkt. No. 1224), and GRANTS the parties' motions to seal (Dkt. Nos. 1215, 1218, 1225, 1231, 1236). The Clerk is DIRECTED to maintain Docket Numbers 1216, 1216-1, 1216-2, 1216-3, 1216-4, 1219, 1226, 1232, and 1237 under seal until further order of the Court. The Clerk is further DIRECTED to terminate Defendant's superseding *pro se* motion for compassionate release (Dkt. No. 1227).

DATED this 25th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE